F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN E. SHAFER,

Defendant - Appellant.

No. 02-6129
D.C. No. CIV-00-1250-M and
CR-99-16-M
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Steven E. Shafer was convicted of the knowing receipt of videotapes transmitted through interstate commerce that depicted minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). He did not appeal his conviction, but did file a motion pursuant to 28 U.S.C. § 2255 attacking his sentence. The district court denied relief in an order dated March 29, 2002, *see* R., Vol. I at 185-94, and also failed to issue a certificate of appealability, which we deem a denial of the same. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

Shafer must obtain a certificate of appealability to pursue his appeal in this court, as required by the provisions of the Anti-Terrorism and Effective Death Penalty Act. *See id.* at 1193. Before we grant the certificate, he "must make a 'substantial showing of the denial of a constitutional right.'" *See id.* (quoting 28 U.S.C. § 2253(c)(2)). On appeal, Shafer raises three issues. He argues that: 1) he was wrongly denied proper notice of certain additional conditions of his supervised release, 2) his receipt of the videotapes did not implicate interstate commerce, and 3) his counsel's representation was ineffective in four ways.

After careful consideration of Shafer's arguments and the record on appeal in light of applicable law, we conclude that he has not demonstrated entitlement

to a certificate of appealability under the above standard. His request for

a certificate of appealability is DENIED, and this appeal is DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge